■ RYERSON N. MAUSERT et al., Appellants, v PHILIP A. DUNN, JR., et al., Respondents.—Appeals from orders of the County Court of Rensselaer County, entered January 15, 1979 and March 26, 1979, which (1) denied appellants' motion to dismiss respondents' appeal and (2) reversed a judgment of the Justice Court of the Town of Hoosick, entered September 29, 1978 in favor of appellants. Appellants are the owners of an apartment house in the Village of Hoosick Falls. Respondents rented one of the apartments on a month-to-month tenancy at a monthly rental of $165 in the month of May, 1976. On or about June 5, 1978, appellants gave written notice to respondents that their tenancy was terminated as of July 31, 1978, and that they were to vacate the apartment on that date. Respondents did not vacate the apartment, and appellants, by notice and petition dated

August 7, 1978, commenced summary proceedings pursuant to article 7 of the Real Property Actions and Proceedings Law to recover the possession of the apartment in the Justice Court of the Town of Hoosick. The petition was noticed to be heard on August 15, 1978. The notice of petition did not contain a demand that an answer be served at least three days before the hearing date. Respondents, therefore, had the right to answer orally, or in writing on the return date (RPAPL, § 743). The petition was not based upon nonpayment of rent, but was based upon the failure to vacate upon termination of the tenancy. On the return date, appellants submitted an affidavit indicating that the June, 1978 rent had not been paid, the check and payment thereof having been returned for insufficient funds, and that the July, 1978 rent was also unpaid. In addition, it was asserted that $51.76 of the April, 1977 rent also was unpaid. Judgment in the amount of $381.76 for such unpaid rents was demanded, in addition to the relief requested in the petition. Respondents, not having answered, appeared on the return date and requested an adjournment. The court inquired of respondents whether they were submitting any papers in response to the petition, and respondent Philip A. Dunn, Jr., replied that he did not have any papers to submit, and did not have any defenses to the question of possession of the premises. The court then granted judgment to appellants, awarding them possession of the premises, and adjourned the issue as to the unpaid rents to August 30, 1978, allowing respondents to serve an answer on that issue. The judgment ordering respondents to vacate the premises on or before August 31, 1978 was entered on August 16, 1978. On August 25, 1978, respondents obtained an order to show cause requiring appellants to show cause why the judgment should not be vacated, and why the respondents should not have a trial on all of the issues. The affidavit of respondent Philip A. Dunn, Jr., in support of the order to show cause, stated that he had a meritorious defense to the proceeding consisting of breach of warranty of habitability and retaliatory eviction. Attached to the affidavit was respondents' verified answer which set forth five affirmative defenses and four counterclaims. The first affirmative defense alleged that the proceeding constituted a retaliatory eviction because respondents repeatedly complained to appellants about the premises being in disrepair. No facts concerning the alleged disrepair were alleged. The second affirmative defense alleged that it was too late to sue for the balance of the April, 1977 rent. The third affirmative defense alleged that the April, 1977 and June, 1978 rent was offset by respondents for repairs to the premises pursuant to an agreement between the parties. No facts were alleged concerning the agreement or agreements or the nature of the repairs made. The fourth affirmative defense alleged a breach of the warranty of habitability, consisting of roof leaks; inadequate heat in one room; leaks in all rooms at various times during the tenancy; tar dripping from the roof; and leaky basement pipes. Again no specific facts were alleged concerning dates and whether repairs were made. The fifth affirmative defense alleged that a sidewalk had been in disrepair, that respondents had improved the sidewalk and that respondents had improved the premises by installing a patio in the yard. Three of the counterclaims requested compensatory and punitive damages for breach of the warranty of habitability and the mental distress caused by the breach. The other counterclaim was for compensation for a fence built by respondents. Appellants replied to the answer and cross-moved for an order dismissing the answer and counterclaims, and granting summary judgment in their favor. This cross motion was supported by a detailed affidavit made by appellant Ryerson Mausert. Principally, this affidavit stated that the roof had leaked in February, 1977,

due to freezing and ice, but the roof had been partially replaced and otherwise repaired in February, 1977. The heat problem in one room was known to respondents when they rented the apartment, but the heat in the room was within the guidelines suggested by the Federal Government to homeowners to conserve energy. Any leaks in the pipes had been repaired upon notification. As to the fence, it was stated that it was installed by respondents for their own purposes in lieu of a security deposit, and it could be removed by them at any time. Respondents did not submit any affidavits in opposition to the motion to dismiss and for summary judgment. After argument of the motions, the Town Justice denied respondents' motion, dismissed the counterclaims, and granted summary judgment for the unpaid rent to appellants. The judgment entered on September 29, 1978 was appealed to the County Court of Rensselaer County. The record filed with the court contained numerous notations and markings. Appellants moved to dismiss the appeal for failure to comply with the provisions of CPLR 5526 and 5528 because of these notations and markings. The original record was, however, filed by the Justice Court, and did not contain these notations and markings. While the appeal was pending, respondents vacated the premises on October 27, 1978. The County Court denied the motion to dismiss the appeal, holding that appellants' claim that the alleged failure to comply with CPLR 5526 and 5528 (subd [a]) was de minimis. On January 19, 1979, the County Court reversed the judgment as to the issues of rent due, and remitted the case to the Justice Court for a trial, upon finding that respondents' answer set forth certain questions of fact which could not be determined by affidavit, such as the questions pertaining to the warranty of habitability and possible agreements between the parties as to setoffs for repairs. The only affidavit submitted by respondents was in support of their motion to vacate the judgment, and this affidavit contained no evidentiary facts sufficient for consideration on a motion for summary judgment. The bald assertion that they had a meritorious defense, consisting of breach of the warranty of habitability and retaliatory eviction, is insufficient to establish an issue of fact. In contrast, appellants detailed the circumstances by affidavit, and respondents did not controvert the facts set forth by appellants (Park West Mgt. Corp. v Mitchell, 47 NY2d 316). The order of the County Court reversing the judgment of the Justice Court must, therefore, be reversed, and the judgment of the Justice Court reinstated, and the case remitted to the Justice Court for final calculation of the amount of rent due. Order, entered January 15, 1978, affirmed, without costs. Order, entered March 26, 1979, reversed, on the law, without costs, judgment of the Justice Court reinstated and matter remitted to that court for final calculation of amount due. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.